IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALPHONSO NORMAN, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| vs. | )     CASE NO: 2:07-cv-893-MEF |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Respondent. | ) |

**RESPONSE TO 28 USC 2255 MOTION OF ALPHONSO NORMAN**

**STATE OF ALABAMA**      )
                                   :
**MONTGOMERY COUNTY**    )

**AFFIDAVIT OF DONALD G. MADISON**

BEFORE ME, the undersigned notary public in and for the State of Alabama at Large, personally appeared Donald G. Madison, whom after first being duly sworn by me, did depose and state as follows:

"Mr. Norman's ineffective assistance claims appear to consist of three (3) issues; namely; (a) the indictment was premised upon a search warrant issued by a city court magistrate (not a court of record) in violation of *Federal Rule of Criminal Procedure* 41(a); (b) the failure to object to relevant conduct regarding 3.9 grams of cocaine; and (c) use

1

of 1990 conviction for criminal history.

Alphonso Norman's case began when he was arrested on September 26, 2003 (Doc. 2). I filed my Notice of Appearance on March 10, 2004.

1. **RESPONSE TO (a)**.

I filed a Motion for Out of Time Filing of Supplement to Motion to Suppress (Doc 175) on March 24, 2004. The Rule 41 issue was raised therein and in Document 181, Supplement to Motion to Suppress of Mr. Norman.

I also filed an Objection to Magistrate's Recommendation objecting to the denial of this argument(Doc 202). The argument was further preserved by incorporation of same in all subsequent motions I made on Mr. Norman's behalf.

Notwithstanding, the Eleventh Circuit has rejected said argument.

2. **RESPONSE TO (b), RELEVANT CONDUCT OBJECTION IN THE SENTENCING**.

I raised this issue in approximately the first five (5) pages of the Objection to Pre-Sentence Report of Mr. Norman.

3. **RESPONSE TO (c), CRIMINAL HISTORY**

I asserted objections to the criminal history (including the 1990 offense) on page 7 of Mr. Norman's Objections to Pre-Sentence Report.

2

Based upon the above, I, therefore, did not omit to do any of the matters Mr. Norman complained of in his ineffective assistance claims; but, in fact, raised those issues of which Mr. Norman complained in his 28 USC Section 2255 Motion.

**AFFIANT**:

**/S/ Donald G. Madison**
**DONALD G. MADISON (MAD008)**
**Attorney at Law**
**418 Scott Street**
**Montgomery, Alabama 36104**
**Telephone (334) 263-4800**
**Facsimile (334) 265-8511**
**E-Mail dgmadison@bellsouth.net**

SWORN TO and SUBSCRIBED before me, a notary public in and for State of Alabama at Large, on the 22nd day of October, 2007.

/S/Brenda T. Jarvis
NOTARY PUBLIC
My Commission Expires 07/15/09

**CERTIFICATE OF SERVICE**

I hereby certify that this document was electronically filed with the Court on October 22, 2007, and that a copy of same shall be electronically served upon the United States Attorney for the Middle District of Alabama, and upon Movant Alphonso Norman, Reg. No 112880002, Memphis Federal Correctional Institution, Post Office Box 34550, Memphis, Tennessee 38134, by depositing a copy of the same in the United States mail, postage prepaid, on this 22nd day of October, 2007.

/S/Donald G. Madison
Attorney at Law

3