IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALPHONSO NORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:07cv893-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 10) addressing the claims presented in the motion to vacate under 28 U.S.C. § 2255 filed by Petitioner on October 1, 2007. In its response, the government argues, *inter alia*, that Petitioner's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] Specifically, the government contends that Petitioner's drug-conspiracy convictions became final for purposes of § 2255 on June 8, 2006 – 90 days after entry of the appellate court's judgment affirming the conviction – and that the instant § 2255 motion was filed after expiration of the one-year period of limitation. (*See* Doc. No. 10 at 23-25.)

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court entered judgment in Petitioner's criminal case on October 5, 2004. (*See* Doc. No. 2 - Gov. Exh. X.) He appealed to the Eleventh Circuit Court of Appeals, and on January 11, 2006, that court affirmed his convictions and sentence in an unpublished opinion. (*See* Gov. Exh. Z.) Petitioner's application for rehearing *en banc* in that court was denied on March 10, 2006. (*See* Gov. Exhs. AA & BB.) Petitioner did not petition the United States Supreme Court for a writ of certiorari. Under the directives of 28 U.S.C. § 2255, then, his convictions became final on June 8, 2006 – 90 days after entry of the appellate court's judgment affirming the conviction.[2] Thus, Petitioner had until June 8, 2007, to file a timely § 2255 motion. The instant § 2255 motion was not filed until October 1, 2007.

It does not appear that any of § 2255's exceptions to application of the limitation

---

[2] When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

period are applicable in this case. Specifically, Petitioner's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, Petitioner has not alleged that the government prevented him from filing an earlier motion; nor has he submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Petitioner's filing of his motion to vacate. Accordingly it is

ORDERED that on or before January 3, 2008, Petitioner shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 6th day of December, 2007.

    /s/Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE