IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALPHONSO NORMAN,                    )
                                    )
            Petitioner,             )
                                    )
v                                   )        Civil Action No. 2:07cv893-MEF
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

**O R D E R**

The petitioner has filed documents with this court (*see* Doc. No. 16 and attachment

thereto) reflecting that he petitioned the United States Supreme Court for a writ of certiorari

on March 24, 2006, and that the Supreme Court denied his petition for certiorari review on

October 2, 2006.   Thus, it appears that the petitioner's motion for relief under 28

U.S.C.§ 2255 was timely filed on October 1, 2007.

Pursuant to orders of this court, the United States filed a response (Doc. No.10)

addressing the claims presented by the petitioner in his § 2255 motion.  In its response, the

government contends, *inter alia*, that the § 2255 motion is due to be denied because the

petitioner is entitled to no relief on the claims presented therein.   Specifically, the

government argues that the substantive claims presented in issues 1, 3, 4, and 5 of

petitioner's motion are procedurally barred because they were either raised and disposed of

on direct appeal, or they could have been raised on direct appeal but were not  *See United*

*States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052,

1055-56 (11th Cir. 1994). The government also argues that even if these claims are not procedurally barred, they are meritless and entitle the petitioner to no relief. In addition, the government argues that the claims of ineffective assistance of counsel presented by the petitioner in issues 2 and 6 of his motion are without merit and rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

The petitioner is advised that a procedural default bars consideration of the merits of a claim unless the petitioner "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before February 20, 2008, the petitioner may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after February 20 , 2007, the court shall "determine whether an evidentiary hearing is

2

required.  If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates."  Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The petitioner is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims.  Affidavits should set forth specific facts that demonstrate that the petitioner is entitled to relief on the grounds presented in his § 2255 motion.  If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When the petitioner attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*.  The petitioner is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done, this 28th day of January, 2008.


_____/s/Susan Russ Walker_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

3