IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 MAR 31  A 10: 58

ALFONSO NORMAN,                    DEBRA P. HACKETT,
                                   U.S. DISTRICT COURT
        Petitioner,                MIDDLE DISTRICT Civil Action No. 2:07cv893 MEF
                                )
vs.                             )
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )
                                )

PETITIONER'S REPLY TO THE GOVERNMENT RESPONSE TO HIS
§ 2255 MOTION AND JUDICIAL NOTICE THAT UNITED STATE'S
DISTRICT COURT PREMATURELY EXERCISED JURISDICTION OVER
THE SEARCH WARRANT ISSUED AT 2429-E. 4th STREET AND
PROPERTY SEIZED PURSUANT TO IT.

Comes Now the Petitioner Alfonso Norman in the above style case, reply to

the Government's response to the petitioner's § 2255 Motion.

The petitioner respectfully request this Court to conduct "fairness", straight

down the middle on either side on its merit of by proof by a preponderance of the

evidence standard in petitioner's civil proceeding.  With the assurance of the

Supreme Court's ruling in Haines v. Kernel, 404 U.S. 519, 30 L.Ed.2d 652, 92

S.Ct. 594 (1972), stating the alligation of a pro-se complaint must be viewed less

stringent standards than formal pleadings drafted by Lawyers.

   I. Procedural history And Statement of the Facts pertaining to the
      claims made in petitioner § 2255 motion.

A. The Arrest:

On the afternoon of 09/25/2003, Coporal J.T. Conway Member of the Montgomery

Police Department claimed he received a telephone call from an anonymous female

tipster, stating that drugs was being sold at 2429-E. Fourth Street in Mont-
gomery. After receiving the anonymous tip, Conway assembled a group of Mont-
gomery police officers to accompany him to the 4th street residence for sur-
veillance purposed. Conway then asked another officer to call the telephone
number that had been provided by the anonymous tipster and to tell whomever ans-
wer that the police were coming to the house. The phone call was made but to the
wrong house because Conway alleged he wrote the number down wrong so Conway lied
and siad the petitioner coincidentally exited the 4th street residence and placed
a white object into a curbside trash can located on the street in front of the
house and returned to the residence. Out of all officers involved in the sur-
veillance no other officer witness this evident and the only other witness which
was the next door neighbor testified that she did'nt remember the petitioner going
to the trash can because it never happen. Nevertheless, the police officers came
to the front door open: the door up and grabbed the petitioner took everything out
of his pocket detained him and officer Conway went out to the trash searched around
in it and alleged that he had found some cocaine residue he order the officers to
place the petitioner and his co-defendant Andrew James under arrest and that he
was going to get a search warrant. The petitioner was placed in the Federal hold-
ing facility. See Exhibit A U.S. Department of Justice Report.

B. Affidavit and Search Warrant.

On September 25, 2003 Coporal J.T. Conway swore out an affidavit against pe-
titioner that controlled substances are possibly being kept stored and/or sold in
violation of the Code of Alabama 1975, Section 13A-12-211 and 231 at 2429 E. 4th
street. The City of Montgomery Municipal Court Judge Les Hayes issued a search

2

warrant for the premises of 2429-East 4th Street Montgomery, Alabama for the

following property;  Controlled Substances Paraphenalia, drug related documents,

monies, drug records, an any items listed in attachment I  If you find the same

or any part thereof, to bring it forthwith before me, at my office at Municipal

Court, Montgomery County, Alabama; or if the said warrant is issued for violation

of a state law, return to any state court. (See Exhibit B. Affidavit and search

warrant). The warrant was never returned to any state court instead it was re-

turned to "federal court" in violation of state's statute 12-14-32. Municipal

Court Judge Les Hayes didn't have the power to issue a warrant in violation of

Federal Law Returnable to Federal Courts the power of Municipal Judges to issue

warrants is exclusively governed by § 12-14-32.  State v. Brown, 591 So.2d 113

(1991) Ala.  This was a violation of defendant 14th and 5th amendment due process

rights,  Therefore, district court lacked jurisdiction over the search warrant.

C. Search of 2429 E. Fourth Street And Disposition of Property

After the search warrant was approved and signed, officers and agent made entry

to the residence at approximately 1800 hours during the search the recovered 3.9

kilograms of cocaine hydrochloride around 2.5 gram  of cocaine base two digital

scales, assorted papers, Louis vuitton wallet, steel bowl, $76, 258 in U.S. cur-

rency, 1998 Maroon Mercury , Grand Marquis, Bryco    38/380 semi automatic handgun.

All of the property seized by Montgomery Police Department officers were turned

over to detective Bartlett and Detective Bartlett turned the evidence over to

Task Force Agent Wingard, TFA Wingard on his own turned all the Drug Evidence/

Property  and United States currency/property over to the United States Govern-

ment specificallly the D.E.A./ U.S. Marshalls.  Task force Agent Wingard had no

3

authority or power to turn over evidence/property discovered during a search warrant issued in violation of state law returnable to state court. This was a violation of state statute § 15-5-14, authorizing officer effecting the warrant must retain the property in his possession subject to the order of the court to which he is required to return the proceeding or of the court in which the offense is triable in respect to which the property was taken. This was a violation of the defendant 14th and 5th Amendment due process rights. (see Exhibit C).

D. The Indictment

On October 29, 2003 a grand jury for the Middle district of Alabama returned a four count indictment against the petitioner/defendant Alfonso Norman. The Indictment charged the three defendants with four counts of drug related crimes occurring in Montgomery County in the Middle District of Alabama.

The first two counts of the indictment were conspiracy counts. Count One of the indictment charged that the petitioner and his codefendants, from an unknown date and continuing to about September 2003, conspired with others known and unknown to the grand jury to knowingly and intentionally distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a schedule II controlled substance, in violation of 21 U.S.C. § 846, § 841(a)(1), all in violation of 21 U.S.C. 846. 1. Count Two of the indictment charged that Norman and his codefendants, from an unknown date and continuing to on about September 2003, conspired with each other and others known and unknown to the grand jury to knowingly and intentionally distribute and possess with the intent to distribute a mixture of substance containing a detectable amount of cocaine base, or crack cocaine, also a schedule II con-

4

trolled substance, in violation of 21 U.S.C. § 846.

The third and fourth counts of the indictment charged substantive drug offenses. Count three of the indictment charged that petitioner and his codefendants, from on or about September 25, 2003 knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, or crack-cocaine, also a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

There was no Drug Quantity, or relevant conduct other than the 500 grams of cocaine hydrochloride charged in the indictment but the District Court submitted 3.5 kilograms to 5,000 kilograms to the jury in its jury instruction which the jury found him guilty of and the District Court sentenced him to this drug amount. This was a 6th Amendment right to notice of a charge violation rendering his sentence unconstitutional and illegal.

E. Pretrial Facts

On or about 9/26/2003 the petitioner retained Attorney Bruce MAddox to represent him in this criminal matter. Counsel Bruce Maddox represented the petitioner at detention hearing and arraignment and shortly after arraignment counsel Thomas Goggins was retained to assist Bruce Maddox as co-counsel. The attorney's had until December 10, 2003 to investigate and file all pretrial motions in accordance with the court arraignment order. On 11/25/003 the attorney's filed a motion to suppress in violation of the 4th amendment and it was denied. The attorneys failed to investigate or raise meritorious constitutional due process violation committed by the Montgomery Police Department against the petitioner specifically returning the warrant to federal court and turning over evidence to the United States Govern-

5

ment without an order from the State Court Judge deliberately and intentionally Frauding the U.S. District Court and Government. This was a six amendment right to effective assistance ofcounsel violation.

F. Trial

On or about 2/13/2004 the petitioner was reading over his case and found some discrepencies in the signature on the search warrant that the government provided in discovery and the one the Attorneys used in the motion to suppress. He notified his attorneys his attorneys' filed a motion to reopen the motion to suppress Not soon after that the defendant called Thomas Goggin, and had a meeting with Bruce MAddox on those occassions he informed them that he was unsatisfied with the lack of investigation and research that were being applied to his case and that I would not be needing them to be filing any more motions on my behalf. The deadline for pretrial motion has past it was 12/10/003 so the attorneys filed a motion to withdraw and it was granted at that time the petitioner retained Attorneys Leonard Arrington and Don Madison and they again filed a motion to suppress and it was denied as time barred and without merits so the trial commenced. After testimony from the prosecution and defense witness the attorney Donald Madison move for judgment of acquittal on several issues. The judgment of acquittals was denied. Trial counsel failed to raise meritorious due process violation committed against petitioner by the Montgomery Police Department and Municipal Court Judge Les Hayes specifically not returning the search warrant to state court and not receiving an order from state court to turn over property seized pursuant to the search

6

warrant. This was a violation of the petitioner 6th amendment
right to effective assistance of counsel.

G. Sentencing

On or about 10/1/2004 petitioner and his counsel Donald Madison
went before the Honorable U.S. District Court Judge Mark Fuller for
sentencing and at this hearing counsel argued his objections as it
pertains to drug quantity that it was foreseeable the judge overruled
his objection and found the petitioner offense level was at level 30
and his criminal history was at level III the Judge found the Guide-
line range was 121-151 the Judge sentence the petitioner to the low
end to 121 months. At sentencing counsel Madison failed to object
or argue the use of drug quantity by the District Court Judge to find
his offense at a level 30 for which (1) drug quantity was obtained by
the U.S. District Court by violating the petitioner 5th and 14th A-
mendment Due Process Rights specifically the search warrant was only
returnable to state court and state court never turn over the evidence/
property seized pursuant to the warrant that made up the drug
quantity to the U.S. Government (2) the indictment in petitioner case
never allege 3.9 kilo. The U.S. District Court sentence petitioner
to a drug quantity that was not alleged in his indictment this was
a violation of petitioner 5th amendment right to due process of law
and his 6th amendment right to notice of the charge. At sentencing
counsel Donald Madison was ineffective for not raising or objecting
or arguing these meritorious constitutional violation there by de-

7

priving the petitioner out of another 6th amendment constitutional
right to effective assistance of counsel.

H. Appeal

A final judgment was entered in petitioner case on or about Oc-
tober 5, 2004. Petitioner timely filed a notice of appeal. The
following issues was raised on direct appeal:

1. The district court erred in denying Appellants motion to suppress
in violation of appellant's Fourth Amendment rights (2) The evidence
was insufficient to support a conviction on Count 1,2,3 and 4 (3)
The warrant in the case was signed by a magistrate judge and not a
Federal Magistrate judge or state court judge in violation of Rule
41 of the Federal Rules of Criminal Procedure. (4) The District Court
erred in denying appellant motion to be tried seperately from his co-
defendant. (5) the district court erred in enhancing the sentence by
two points for possessing interest in a firearm pursuant to U.S.S.G.
2D1.1(b)(2) in attributing all relevant conduct to appellant, and
not granting reduction for minal/minimum role in violation of the
constitution and Blakely v. Washington, 159 L.Ed.2d 403, 124 S.Ct.
2531 (2004) and U.S. v. Booker, U.S. 543 220, 160 L.Ed.2d 621 (2005).

The Defendant conviction and sentence was Affirmed on direct appeal.
The petitioner now files a motion under § 2255 and issue raised are
as follows:

II Clarification of claims Raise in the 2255 Motion.

1. The Defendant claims his conviction was obtained and sentence

8

illegal imposed by the District Court by use of Evidence illegally
obtained by the United States Government by violating petitioner 5th
and 14th Amendment Due Process rights, specifically(A) The warrant
that was issued at 2429 E. 4th Street was issued by a Montgomery Ala-
Bama Municipal Court Judge Les Hayes for violation of State Law Code
of Alabama 13A-12-211 and 231, Returnable to any state court instead
it was returned to "Federal Court" in violation of state statute 12-
14-32, Municipal Court Judge Les Hayes didn't have the power to issue
a warrant that was returnable to federal court the power of Municipal
Judges to issue warrants is exclusively governed by § 12-14-32.
(B)  All of the property seized pursuant to this warrant by the
Montgomery Police Department was turned over to the U.S. Governmet/
DEA.  Montgomery Police Department Task Force Agent Wingard had no
Authority or power to turn over Evidence/property discovered during
a search warrant issued in violation of state law returnable to state
court.  This was a violation of Alabama Law Code of Alabama 15-5-14,
authorizing officers effecting the warrant must retain the property in
his possession subject to the order of the court to which he is re-
quired to return the proceeding or of the court in which the offense
is triable in respect to which the property was taken.
(C) Pretrial counsel Thomas Goggin, Bruce MAdison, trial/sentencing
counsel Don Madison was ineffective for failing to investigate re-
search and raise these due process violations in a timely manner at

9

pretrial, trial and sentencing.  This was a violation of petitioner

6th amendment right to Effective Assistance of Counsel.

(D) The U.S. District Court and government never had jurisdiction

over the search warrant and evidence seized pursuant to it.

2. The petitioner claims the U.S. District Court at sentencing vio-

lated his 5th amendment right to due process of law by attribbuting

to him at sentencing:

A. Drug quantity that was not charged in the petitioner
Indictment specifically 3.9 kilogram and 2.6 grams of cocaine
base where Elements of the offense that should have been
charged in the Indictment and proven to the jury beyond a reason-
able doubt this again deprived the petitioner of his 6th amend-
mend right to notice of the charge and trial by jury.

B. A Criminal History category III for which the Government never
filed a 851 notice.

C. A Criminal History category III by a 1990 prior conviction that
Defendant pleaded guilty to a void Indictment for which his plea
was not knowingly and voluntarily made based upon sufficient
factual bases and in the plea colloquy the Judge never apprised
the defendant of his constitutional right as required by Boykin
v. Alabama the conviction was obtain in violation of petitioner
5th and 6th amendments constitutional rights.

D. Counsel Madison was inefefctive for not raising these meritorious
constitutional claims at sentencing there by violating petitioner
6th amendment right to effective assistance of counsel.

The Government in its response to the petitioner 2255 motion altered

and misrepresented the petitioner claims.  The petitioner reiterate

his claims as a matter of facts.

III. Government Response to Petitioner claims for relief and
Petitioner reply,

10

A. The Government assert the petitioner has not met the one-year
   time limitation so he is time barred.

> This argument is moot. and the petitioner
> request the court to strike the government
> brief for misleading the court with false
> information because the government could
> have easily called or request the records by
> mail from the 11th Circuit Court or Supreme
> Court. (See) Judge order 28th day of January,008.

B. The Government asserts that the petitioner claims are pro-
   cedurally barred from review of the merits because (1) they
   either were raised and decided on direct appeal (2) they
   could have been raised and decided on direct appeal (3) they
   petitioner has not established cause for the default and pre-
   judice resulting from the allege errors or the errors resulted
   in a fundamental miscarriage of justice.

   1. As to procedurally bar (1) the claims were raise
      on direct appeal. The petitioner states as a matter
      of facts that none of these constitutional violations
      was raised on direct appeal. (see Government response
      brief pg 21-22)

   2. As to procedurally bar (2) they could have been raised
      and decided on direct appeal, but they were not.

The petitioner states as a matter of fact that none of his counsels

raised these Constitutional violations in the District Court in a

pretrial motion at trial or sentence so the record was void of any

facts or evidence necessary to prove the merit of petitioner cons-

titutional claims on appeal, furthermore, petitioner raised all of

these claims under Ineffective assistance of counsel so they are

properly before the District Court and the district court can reach

the merits. Massaro v. United States 538 U.S. 500, 155 L.Ed.2d 714,

123 S.Ct. 1690.

   3. As to procedurally bar (3) the petitioner has not established
      cause for the default and prejudice resulting from the allege
      errors resulted in a fundamental miscarriage of Justice..

11

The petitioner states this statement is not true in the de-
fendant 2255 motion the petitioner specifically stated the defense
counsel was ineffective for not raising these Constitutional Juri-
diction violation, and violation of 6th amendment right to ef-
effective assistance of counsel is cause for a procedural default.
The defendant also states that because of the error he was prejudice
specifically if the warrant and evidence was returned and dispose
of properly in accordance with state law. The defendant would have
not been convicted and sentence up under the Federal Sentencing
scheme. In the federal sentencing scheme the defendant mandatory
statutory range was 5-years to 40 and up under the then mandatory
guideline range, if petitioner goes to trial his guideline range was
121 month to 151 months and 121 months was a mandatory guideline
minimum law, there's no probation or parole. In she State of Ala-
bama if a defendant was convicted of the same crime the defendant
statutory range would be 2-years to 20 and a possibility of pro-
bation and parole is available. The petitioner states that he could
have received probation or the 2-years in the state as to 121 months
without the possibility of probation or parole under the Federal
scheme. The defendant also states that at trial and sentence he
was prejudice by counsel errors if the defense counsel would have
raised these constitution jurisdictional violation there would have
been no evidence to convict or sentence petitioner furthermore, at

12

sentencing counsel failure to argue or preserve his 6th amendment right to notice of the charge that the drug quantity that was attributed to the defendant was not charged in the indictment and the 5th amendment requires the district court to sentence the defendant to the charges in his indictment the only drug quantity that was alleged in the indictment was 500 grams but the defendant was held accountable for 3.9 kilogram and around 2.6 grams of Crack which put him at and offense level of 30 which was 121-151 months instead of 63-78 months at level 26 for the 500 grams this resulted in and increase in defendant sentence by 43-58 month the petitioner received 121 months.

(4) The petitioner states that if the courts should choose to procedurally bar his claims would result in a fundamental miscarriage of justice the courts judicial integrity so necessary in the true administration of Justice.  A state statute is the law and any person or entity that violates a state statute breaks the law.  In the petitioner case state law only authorizes a Municipal Court to issue warrants in violation of state law returnable to state court it was not returned to state court but to Federal Court by the Municipal Court Judge or the Montgomery Police Department.  State statute also directs the officer executing the search warrant to keep in his possession items seized pursuant to the warrant in his possession subject to the order of the court for which it is triable in respect to which it was taken.  The Montgomery Police Department on it own

13

turned the evidence over to the U.S. Government without and order
from a state court Judge. They deliberately broke the law and com-
mitted fraud on the court by executing powers that they did not have
furthermore, if the federal courts turn a blind eye on these claims
it will be planting the seed to disregard the law and that seed pro-
duces lawlessness and corruption and give Police  Department · the
power to act as Judge and Jury to decide where and how harsh a crimi-
nal defendant can be punish.

(5) The petitioner will also like to argue that the district court
had no jurisdiction of the search warrant issued at 2429-E. 4th
Street or the evidence seized pursuant to it by authority of state
statute argued (supra).  To use at trial and sentence.  The District
Court lack jurisdiction to sentence defendant to 121 months for drug
quantity that was not charged in his indictment. (see) Penn General
Casualty Co. v. Common Wealth, 294 U.S. 189, 195, 55 S.Ct. 386, 389,
79 L.Ed. 850 (1935), Kline v. Burke Construction Co., 260 U.S. 226,
229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922).  $270,000.00 In United
States Currency, plus interest, 1 F.3d 1146 (11th Cir. 1993)

C. The Government Response to Petitioner Ineffective Assistance
   of Counsel Claims and Petitioner Reply.

          1. The Government states that the petitioner
             has failed to demonstrate his counsel per-
             formance was deficient and that the de-
             ficient performance prejudiced his case.

The petitioner would like to argue that pretrial counsel Bruce
Maddox and Thomas Goggans had until December 10, 2003 to file all

all pretrial motions they failed to investigate, research the
law, or request discovery to gather the facts as it pertains to
defendant constituional due process claims that the search warrant
was not returned to state court and Municipal court Judges is not
authorize by state statute to issue a warrant returnable to federal
court and Montgomery Police Department is not authorize by state
statute to turn over evidence to the U.S. Government or the district
court. Without an order from state court. No counsel with the
experience Mr. Maddox and Thomas Goggans would have performed in
the manner that the have exposing the defendant to a harsher federall
scheme with the mandatory dracronian sentencing Guideline as opposed
to the lenient descrecionary scheme of the State OF Alabama.argued
(supra). The only explanation Mr. Maddox offered is I deliberately
made him ineffective so he failed to file the motions and he with-
drawed from my case. The defendant would like to point out to the
courts that at the time of Maddox and Thomas Goggan withdrawal the
deadline for filing pretrial motions had past. (see affidavit of
Bruce Maddox Exhibit D.) See Huynh v. King, 95 F.3d 1052 (11th
Cir.), Kimmelman v. Morrison, 477 U.S. 365, 382-083 106 S.Ct. 2574,
2587, 91 L.Ed. 305 (1986). Counsel Don Madison failed to raise,
research, or investigate the petitioner due process claims if counsel
Madison would have objected to the use of the evidence at his trial
on these Jurisdictional Constitutional due process violation it would
have been no evidence to convict petitioner. Furthermore, at trial

15

during the jury instruction Don Madison should have objected to
the use of the drug quantity that was not charged in his indictment
in violation of his six amendment right.   Counsel Madison still at
sentencing failed to object or argue these violations of petitioner
Constitutional rights argued (supra), Counsel Madison in his affidavit
stated he raised these issues.  See Exhibit E.   The petitioner states
and the record will reflect that none of the issues was raised or
argued at trial or sentencing.   If it wasn't for counsel deficient
performance it would have been no evidence to convict petitioner at
trial and at sentencing the petitioner could have received a Guide-
line Range of 63-78 month sentence instead of a 121-months (see)
Glover v. United States (2001) 531 U.S. 198, 148 L.Ed.2d 604, 121
S.Ct. 696.

<div align="center">Conclusion</div>

The petitioner concludes that the Montgomery Police Department
and Municipal Court Judge took a short cut to obtaining a conviction
on the defendant in the harsher federal sentencing scheme, by vio-
lating state law, they acted in a capacity and exercise poweres  that
they didn't have there by frauding the district court and U.S. Govern-
ment to believe that they had jurisdiction over the search warrant
and evidence seized pursuant to it.   These acts denied the petitioner
his 14th and 5th amendment right to due process of law.   This is in
conflict with the law in the case of Mapp v. Ohio, 367 U.S. 643, 6

<div align="center">16</div>

L.Ed.2d 1081, 81 S.Ct. 1684.

Pretrial, trial and sentencing counsel failed to perform their duty in a manner required by the 6th Amendment, effective assistance of counsel right. The defendant states that he proved the two prongs test that set out in Strickland v. Washington, 466 U.S. 668 (1984). (1) His Counsel performance was deficient, (2) that deficient performance prejudice his case.

The defendant has met the burden for his procedural default which is the defendant has to establish cause for the default and actual prejudice resulting from the alleged error that it was a fundamental miscarriage of justice.

### Relief Sought

The Petitioner respectfully request the Courts permission to move for summary judgment on all claims raised in his 2255 motion there by granting it vacating the defendant conviction and sentence and dismissing the charges with prejudice or order defendant to be resentence. The petitioner alternatively request the court under Rule 8 for an Evidentiary Hearing to prove any disputed facts or law.

### CERTIFICATE OF SERVICE

I hereby certify that on March 26 , 2008, I filed the foregoing reply and attachments with the Clerk of the Court and the U.S. Attorney by depositing in the prison Mailbox by certified mail

cc: Sandra J. Stewart, Assistant U.S. Attorney
     131 Clayton Street
     Montgomery, Alabama 36101-0197

Respectfully Submitted,

_Alfonso Norman_

ALFONSO NORMAN#1288-002
P.O. Box 34550
F.C.I. Memphis
Memphis, TN 38184-0550

17

Alfonso Norman#11288-002
P.O. Box 34550
F.C.I. Memphis
Federal Correctional Institution
Memphis, TN 38184-0550



Legal Mail

Office Of the Clerk
Middle District of Alabama
206 U.S. Courthouse
15 Lee Street
Montgomery, Alabama 36101-0711

FCI, MEMPHIS
1101 JOHN A. DENIE RD.
MEMPHIS, TN 38134 DATE: 3-26-08

The enclosed letter was processed through special
mailing procedures for forwarding to you. The letter
has been neither opened nor inspected. If the writer
raised a question or problem over which this facility
has jurisdiction, you may wish to return the material
for further information or clarification.
If the writer enclosed correspondence for forwarding
to another addressee, please return the enclosure to
above address.

U.S. Department of Justice
Drug Enforcement Administratio

Exhibit A

## REPORT OF INVESTIG

Page 1 of 8

| 1. Program Code HD100 | 2. | | No. -00-0075 | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: TFA H.E. SISSON, JR At: MONTGOMERY, AL (KI) | ☐ ☐ ☐ ☐ ☐ | | Title | |
| 7. ☐ Closed  ☐ Requested Action Completed ☐ Action Requested By: | | | 8. Date Prepared 10/01/2003 | |

9. Other Officers: TFA C.A. WINGARD; MONTGOMERY, AL POLICE SERGEANT M.N. DRUMMOND, CORPORAL D.D. ALEXANDER, CORPORAL J.T. CONWAY, CORPORAL W.S. SIMMONS AND DETECTIVE B.W. BARTLETT

10. Report Re: ARREST OF Andrew K. JAMES, Alphonson NORMAN AND Capulco PERALTE DURING THE SEZURE OF EXHIBITS 4 THRU 8 AND ACQUISITION OF EXHIBITS N-3 THRU N-11 ON 09/25/2003

### SYNOPSIS

This DEA 6 documents the arrest of Andrew Kenneth JAMES, Alphonso NORMAN and Capulco PERALTE and the evidence seized and collected during the execution of a search warrant at 2429 East Fourth Street, Montgomery, Alabama on 09/25/2003.

### DETAILS

1.  On the afternoon of 09/25/2003, Corporal J.T. Conway received a telephone call from an anonymous source who indicated that there was a high level of drug activity occurring at 2429 East Fourth Street in Montgomery, Alabama. The caller further stated that the intensity of this drug activity always increased when a black male arrived at the residence driving a maroon vehicle.

2.  This anonymous caller also said that when this maroon vehicle arrived at the residence, it always backed up to the home making the notation of the license number by the caller impractical. During this call to Corporal Conway, the caller said that the maroon vehicle had just arrived at the residence and was, in fact, parked on the premises in the above described manner.

3.  When questioned about the occupants of the residence, the caller stated that there were three black males present on the home's fron porch. The caller stated the only subject known to him/her present

| 11. Distribution: Division NOFD | 12. Signature (Agent)  TFA H.E. SISSON, JR | 13. Date 10/01/200 |
|---|---|---|
| District SARI | 14. Approved (Name and Title) W. MARSHALL SIMONS GROUP SUPERVISOR | 15. Date 10/02/200 |
| Other | | |

DEA Form - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

000001

| REPORT OF INVESTIGATION | 1. File No. KI-00-0075 | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 2. File Title | |
| 4. | | |
| 5. Program Code HD100 | 6. Date Prepared 10/01/2003 | |

at the residence was a black male known only as "Scooter." The caller also knew the phone number of the residence to be 334-262-3477.

4.  After terminating this phone call, Corporal Conway and other members of HIDTA and the Montgomery Police Department's Special Operations Division drove to the residence and established positions nearby allowing them to surveill the activity there. Corporal Conway noted that the maroon vehicle described by the caller was present at the residence and parked in the reported manner. Other vehicles present included a white Honda Accord, a black Jaguar and a green four door vehicle.

5.  After watching the residence for a short period of time, Corporal D.D. Alexander was directed to place an undercover phone call to the residence and tell whoever answered that he had just heard that Police Officers were en route to the residence. Immediately upon terminating that undercover phone call, Corporal Alexander called Corporal Conway on the radio and advised that contact had been made with an unknown black male. During this exchange on the radio, Corporal Conway observed a black male known to him as Alphonso NORMAN aka SCOOTER exit the front door of the residence and discard an unknown item in the trash can on the street curb.

6.  As NORMAN was walking back to the residence, the surveilling Officers and Agents approached him. Corporal Conway then advised NORMAN about the phone call he had received earlier and informed NORMAN of his concern about the drug activity that was reportedly occurring at the residence. Corporal Conway stated NORMAN became uncooperative and denied the Officers his consent for them to search the residence.

7.  NORMAN then turned as if he was going to re-enter the front door of the residence. However, before he could clear the door's threshold, Andrew Kenneth JAMES walked through the front door and onto the front porch. While other Officers were talking with NORMAN and JAMES, Corporal Conway walked to the trash can on the street curb to determine what NORMAN had discarded.

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**3 - Originating Office**

000002

| REPORT OF INVESTIGATION | 1. File No.  KI-00-0075 | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 2. File Title | |
| **4.** | | |
| 5. Program Code  HD100 | 6. Date Prepared  10/01/2003 | |

8.  Inside the trash can, Corporal Conway located a plastic bag that contained a paper towel further containing what appeared to be traces of cocaine hydrochloride.  Corporal Conway field tested a portion of that evidence with positive results indicating the presence of cocaine.  At that point, NORMAN and JAMES were secured while a search warrant for the residence was obtained.  During the time Corporal Conway was preparing the search warrant affidavit for a Judge's signature, Sergeant M.N. Drummond called him and advised that a third black male, identified as Capulco PERALTE, had also been inside the residence.

9.  After the search warrant was approved and signed, Officers and Agents made entry to the residence at approximately 1800 hours.  During the course of that search, drug evidence, paraphernalia, currency and a firearm were located.  These items will be documented in their appropriate locations within this report.

10. NORMAN, JAMES, and PERALTE were subsequently arrested and placed in the Montgomery Municipal Jail to await their Initial Appearance in the Middle District of Alabama.

**CUSTODY OF DRUG EVIDENCE**

1.  Exhibit 4 is a DEA evidence bag containing approximately 31.90 gross grams of a white powder believed to be cocaine hydrochloride inside a paper napkin and a small plastic bag.  Exhibit 4 was discarded into a trash can on the street curb by Alphonso NORMAN at 2429 East Fourth Street on 09/25/2003.  Exhibit 4 was removed from the trash can by Corporal Conway and field tested with positive results for cocaine.  Corporal Conway turned Exhibit 4 over to Detective B.W. Bartlett for inventory purposes.  Detective Bartlett turned Exhibit 4 over to TFA Wingard the same evening.  TFA Wingard sealed Exhibit 4 inside the DEA evidence bag and placed it inside the Montgomery HIDTA drug vault where it remained until it was sent to the DEA laboratory for further analysis.

**DEA SENSITIVE**
**Drug Enforcement Administration**

**3 - Originating Office**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

C00003

| REPORT OF INVESTIGATION | 1. File No. KI-00-0075 | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 2. File Title | |
| **4.** | | |
| 5. Program Code HD100 | 6. Date Prepared 10/01/2003 | |

2.  Exhibit 5 is a DEA evidence bag containing approximately 3,142.49
    gross grams of what is believed to be cocaine hydrochloride packaged
    inside three brick size packages and two individually packaged clear
    plastic bags. Exhibit 5 was located by Sergeant M.N. Drummond in
    the clothes dryer of the laundry room of 2429 East Fourth Street,
    Montgomery, Alabama during a search warrant on 09/25/2003. Sergeant
    Drummond turned over Exhibit 5 to Detective Bartlett for inventory
    purposes. Detective Bartlett field tested a portion of one of these
    packages comprising Exhibit 5 with positive results indicating the
    presence of cocaine. Detective Bartlett turned Exhibit 5 over to
    TFA Wingard later the same evening. TFA Wingard sealed Exhibit 5
    inside a DEA evidence bag and placed it inside the Montgomery HIDTA
    drug vault where it remained until it was sent to the DEA Laboratory
    in Dallas, Texas for further analysis.

3.  Exhibit 6 is a DEA evidence bag containing a ziplock bag further
    containing approximately 1,381.81 gross grams of a compressed white
    powder believed to be cocaine hydrochloride inside another ziplock
    bag which contained an unknown substance consistent with some type
    of industrial or automotive grease. Exhibit 6 was located
    underneath the couch in the den of 2429 East Forth Street,
    Montgomery, Alabama by Sergeant Drummond during the search warrant
    at that residence on 09/25/2003. Sergeant Drummond turned Exhibit 6
    over to Detective Bartlett for inventory purposes. Detective
    Bartlett turned Exhibit 6 over to TFA Wingard later the same
    evening. TFA Wingard sealed Exhibit 6 inside the DEA evidence bag
    and placed it inside the Montgomery HIDTA drug vault where it
    remained until it was sent to the DEA Laboratory in Dallas, Texas
    for further analysis.

4.  Exhibit 7 is a DEA evidence bag containing a ziplock bag further
    containing an unknown type grease similar to that used on other drug
    exhibits seized during this search warrant. Exhibit 7 was located
    inside the washing machine in the laundry room by Sergeant Drummond
    during the search warrant at 2429 East Fourth Street, Montgomery,
    Alabama on 09/25/2003. Sergeant Drummond turned Exhibit 7 over to
    Detective Bartlett for inventory purposes. Detective Bartlett

**DEA SENSITIVE**
Drug Enforcement Administration

**3 - Originating Office**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

000004

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| **REPORT OF INVESTIGATION** | 1. File No.<br>KI-00-0075 | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 2. File Title | |
| 4. | | |

| 5. Program Code<br>HD100 | 6. Date Prepared<br>10/01/2003 |
|---|---|

turned Exhibit 7 over to TFA Wingard later the same evening.  TFA Wingard sealed Exhibit 7 inside the DEA evidence bag and placed it inside the Montgomery HIDTA drug vault where it remained until it was sent to the DEA Laboratory in Dallas, Texas for further analysis.

5.   Exhibit 8 is a DEA evidence bag containing approximately 26.38 gross grams of an off-white substance believed to be cocaine base. Exhibit 8 was located by Sergeant Drummond in a kitchen cabinet during a search warrant at 2429 East Fourth Street, Montgomery, Alabama on 09/25/2003.  Sergeant Drummond turned Exhibit 8 over to Detective Bartlett for inventory purposes.  Detective Bartlett turned Exhibit 8 over to TFA Wingard later the same evening.  TFA Wingard sealed Exhibit 8 inside the DEA evidence bag and placed it inside the Montgomery HIDTA drug vault where it remained until it was sent to the DEA Laboratory in Dallas, Texas for further analysis.

## CUSTODY OF NON-DRUG EVIDENCE

1.   Exhibit N-3 is a DEA evidence bag containing one Slimline digital scale.  Exhibit N-3 was located by Sergeant Drummond on the washing machine in the laundry room during the search warrant at 2429 East Fourth Street, Montgomery, Alabama on 09/25/2003.  Sergeant Drummond turned Exhibit N-3 over to Detective Bartlett for inventory purposes.  Detective Bartlett turned Exhibit N-3 over to TFA Wingard later the same evening.  TFA Wingard will maintain custody of Exhibit N-3 until it can be transferred to the Montgomery HIDTA Non-Drug Evidence Custodian for safekeeping.

2.   Exhibit N-4 is a DEA evidence bag containing one Tanita digital scale.  Exhibit N-4 was located by Sergeant Drummond in the kitchen cabinet over the stove during the search warrant at 2429 East Fourth Street, Montgomery, Alabama on 09/25/2003.  Sergeant Drummond turned Exhibit N-4 over to Detective Bartlett for inventory purposes. Detective Bartlett turned Exhibit N-4 over to TFA Wingard later the same evening.  TFA Wingard will maintain custody of Exhibit N-4

---

**DEA SENSITIVE**
Drug Enforcement Administration

**3 - Originating Office**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

| REPORT OF INVESTIGATION | 1. File No. KI-00-0075 | 2. G-DEP Identifier |
| *(Continuation)* | 2. File Title | |
| **4.** | | |
| 5. Program Code HD100 | 6. Date Prepared 10/01/2003 | |

until it can be transferred to the Montgomery HIDTA Non-Drug
Evidence Custodian for safekeeping.

3. Exhibit N-5 is a DEA evidence bag containing assorted paper
documents. Exhibit N-5 was located by Detective Bartlett on the
living room cabinet. Detective Bartlett logged Exhibit N-5 on an
evidence inventory sheet before turning it over to TFA Wingard later
the same evening. TFA Wingard will maintain custody of Exhibit N-5
until it can be transferred to the Montgomery HIDTA Non-Drug
Evidence Custodian for safekeeping.

4. Exhibit N-6 is a DEA evidence bag containing one Louis Vuitton
wallet further containing assorted credit cards. Exhibit N-6 was
located in a flower pot in the den behind the television by TFA
Wingard during the search warrant at 2429 East Fourth Street,
Montgomery, Alabama. TFA Wingard turned Exhibit N-6 over to
Detective Bartlett for inventory purposes. Detective Bartlett
returned Exhibit N-6 to TFA Wingard later the same evening. TFA
Wingard will maintain custody of Exhibit N-6 until it can be
transferred to the Montgomery HIDTA Non-Drug Evidence Custodian for
safekeeping.

5. Exhibit N-7 is a large stainless steel bowl. Exhibit N-7 was
located by Sergeant Drummond underneath the kitchen sink during the
search warrant at 2429 East Fourth Street, Montgomery, Alabama on
09/25/2003. Sergeant Drummond turned Exhibit N-7 over to Detective
Bartlett for inventory purposes. Detective Bartlett turned Exhibit
N-7 over to TFA Wingard later the same evening. TFA Wingard will
maintain custody of Exhibit N-4 until it can be transferred to the
Montgomery HIDTA Non-Drug Evidence Custodian for safekeeping.

6. Exhibit N-8 is $70,782.00 in assorted United States Currency.
Exhibit N-8 was located by Detective Bartlett in the rear right
bedroom secreted inside the left bed post. Exhibit N-8 was counted
and inventoried by Detective Bartlett. Detective Bartlett turned
Exhibit N-8 over to TFA Wingard later the same evening. TFA Wingard
recounted Exhibit N-8 before converting it into a Cashier's check.

DEA Form    - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

000006

| REPORT OF INVESTIGATION<br>*(Continuation)* | 1. File No.<br>KI-00-0075 | 2. G-DEP Identifier |
|---|---|---|
| | 2. File Title | |
| **4.** | | |

| 5. Program Code<br>HD100 | 6. Date Prepared<br>10/01/2003 |
|---|---|

TFA Wingard maintained custody of Exhibit N-8 until it could be turned over to the Montgomery DEA Seized Money Custodian for safekeeping.

7.  Exhibit N-9 is $2,575.00 in assorted United States currency. Exhibit N-9 was located by Corporal Conway in the possession of Alphonso NORMAN during the execution of a search warrant at 2429 East Fourth Street, Montgomery, Alabama on 09/25/2003.  Detective Bartlett counted and inventoried Exhibit N-9 before turning it over to TFA Wingard later the same evening.  TFA Wingard recounted Exhibit N-9 before converting it to a Cashier's check.  TFA Wingard maintained custody of Exhibit N-9 until it could be turned over to the Montgomery DEA Seized Money Custodian for safekeeping.

8.  Exhibit N-10 is $2,901.00 in assorted United States currency. Exhibit N-10 was located inside the washing machine in the laundry room by Sergeant Drummond during the search warrant at 2429 East Fourth Street, Montgomery, Alabama on 09/25/2003.  Sergeant Drummond turned Exhibit N-10 over to Detective Bartlett for inventory purposes.  Detective Bartlett counted Exhibit N-10 before turning it over to TFA Wingard later the same evening.  TFA Wingard recounted Exhibit N-10 before converting it to a Cashier's check.  TFA Wingard maintained custody of Exhibit N-10 until it could be turned over to the Montgomery DEA Seized Money Custodian for safekeeping.

9.  Exhibit N-11 is a 1998 maroon Mercury Grand Marquis driven by Capulco PERALTE.  Exhibit N-11 was located at 2429 East Fourth Street, Montgomery, Alabama by Corporal Conway.  Exhibit N-11 was seized after discovering two compartments hidden by mechanical means inside the vehicle.

10. Also seized during this search warrant was a Bryco .38/.380 semi-automatic handgun, serial number 1250515, with one magazine and six bullets.  This handgun was located in the living room closet by Corporal S. Simmons during the search warrant at 2429 East Fourth Street, Montgomery, Alabama on 09/25/2003.  Corporal Simmons turned this handgun over to Detective Bartlett for inventory purposes. Detective Bartlett turned the handgun over to TFA Wingard later the

**DEA SENSITIVE**
Drug Enforcement Administration

**3 - Originating Office**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

000007

| REPORT OF INVESTIGATION | 1. File No. KI-00-0075 | 2. G-DEP Identifier |
|---|---|---|
| *(Continuation)* | 2. File Title ████████ | |

| 4. | |
|---|---|
| 5. Program Code HD100 | 6. Date Prepared 10/01/2003 |

same evening. TFA Wingard maintained custody of the handgun until
it was transferred to an Agent with the Bureau of Alcohol, Tobacco
and Firearms for further investigation.

## INDEXING

1. NORMAN, Alphonso:  

2. JAMES, Andrew Kenneth:  

3. PERALTE, Capulco:  ████████████

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**3 - Originating Office**

C0000ᵹ

**U.S. Department of Justice**
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code HD100 | 2. Cross File | Related Files | 3. File No. KI-00-0075 | 4. G-DEP Identifier ▓▓▓▓ |
|---|---|---|---|---|
| 5. By: TFA H.E. SISSON, JR  At MONTGOMERY, AL (KI) | ☐ ☐ ☐ ☐ | | 6. File Title ▓▓▓▓▓▓▓▓▓ | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | ☐ | | 8. Date Prepared 10/30/2003 | |
| 9. Other Officers: | | | | |

10. Report Re: GRAND JURY INDICTMENT OF Andrew Kenneth JAMES, Alphonso NORMAN AND Capulco PERALTE IN THE MIDDLE DISTRICT OF ALABAMA ON 10/29/2003

### DETAILS

1. On 10/29/2003, TFA Sisson presented testimony to a Grand Jury in the Middle District of Alabama concerning Andrew Kenneth JAMES, Alphonso NORMAN and Capulco PERALTE. The United States Government was represented by Assistant United States Attorney Todd A. Brown.

2. The Government sought a four count Indictment on all three defendants. The Grand Jury returned with a True Bill, as requested, for Conspiracy to Possess Cocaine Hydrochloride, Conspiracy to Possess Cocaine Base, Possession With Intent to Distribute Cocaine Hydrochloride and Possession With Intent to Distribute Cocaine Base on JAMES, NORMAN and PERALTE.

### INDEXING

1. NORMAN, Alphonso:  ▓▓▓▓▓▓▓

2. JAMES, Andrew Kenneth:  ▓▓▓▓▓▓▓

3. PERALTE, Capulco:  ▓▓▓▓▓▓



| 11. Distribution:  Division NOFD  District SARI  Other | 12. Signature (Agent)  TFA H.E. SISSON, JR | 13. Date 10/30/2003 |
|---|---|---|
| | 14. Approved (Name and Title)  W. MARSHALL SIMONS  GROUP SUPERVISOR | 15. Date 10/30/2003 |

DEA Form    - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

C00009

Exhibit B

# AFFIDAVIT IN SUPPORT OF A
## SEARCH WARRANT
## KNOCK SEARCH WARRANT

### CITY OF MONTGOMERY
### COUNTY OF MONTGOMERY
### STATE OF ALABAMA

I, Corporal J. T. Conway, state the following is true and correct:

I am a duly authorized Police Officer for the City of Montgomery. I have been employed as a Police Officer for 14 years and have spent the last 9 years in the Narcotics Bureau. I have reason to believe and do believe that controlled substances, are being kept, stored and/or sold from within 2429 East 4th Street, Montgomery, Alabama. The controlled substances are possibly being kept, stored and/or sold by a black male Alfonzo Norman, DOB . This is in violation of the Code of Alabama 1975, Section 13A-12-211, 212 and 231. Probable cause for this search warrant is as follows:

On September 25, 2003, Corporal J. T. Conway received a telephone call from a subject who will hereinafter be referred to as "A". "A" advised that he/she knew of drug activity at 2429 East 4th Street, Montgomery, Alabama. "A" advised that he/she knew that the drug activity always picked up when a black male subject driving a maroon vehicle arrived at the residence. "A" advised that the vehicle always backed up beside the residence and that he/she was unable to obtain the tag number. "A" advised that the telephone number to the residence was 334-262-3477.

Corporal J. T. Conway and other members of the Special Operations Division went to the residence to investigate. Corporal D. D. Alexander called the telephone number at the residence and told the subject that answered the phone that the police were on the way to the residence. Corporal Conway was parked in a location to watch the residence. When the telephone call was made. Corporal Conway observed Alfonzo Norman exited the residence and walked to the trash can that was placed on the street. Alfonzo placed something in the trash can and returned to the residence.

Corporal Conway and other members of the Narcotics Bureau approached the residence. Alfonzo Norman, Andrew Kenneth James and Capolco Peralte were inside the residence. Corporal Conway told Norman why the officers were at his residence and he became very defensive and said that he wanted a lawyer. Corporal Conway walked to the trash

can that was placed on the street. After looking in the can, Corporal Conway located a paper towel that contained a quantity of what was believed to be crack cocaine. Corporal Conway field tested the substance and it field tested positive for cocaine.

Further probable cause being that Alfonzo Norman and Andrew Kenneth James are known drug dealers in the Montgomery, Alabama area.

This information is based on my experience and the experience and assistance of other law enforcement officers and is made for the purpose of securing a search warrant for 2429 East 4th Street, Montgomery, Alabama, for cocaine and any other controlled substances, to include: precursors, drug paraphernalia, drug buy money, drug monies, documents, and any items listed in attachment I.    AND ANY VEHICLES AT THE RESIDENCE. JR

Sworn before and subscribed to by me _Les Hayes III_ , Judge of the Municipal Court of Montgomery, Alabama on September 25, 2003.

Corporal J. T. Conway, ID #258
Montgomery Police Department
Montgomery, Alabama

Municipal Court Judge
Municipal Court
Montgomery, Alabama

# SEARCH WARRANT

STATE OF ALABAMA          )
COUNTY OF MONTGOMERY )
CITY OF MONTGOMERY      )

**TO ANY SHERIFF, DEPUTY, MUNICIPAL OFFICER OR CHIEF OF POLICE:**

Proof of affidavits which are attached hereto and incorporated by reference, having been made this day before me, by Corporal J. T. Conway with the Special Operations Division, Narcotics and Intelligence Bureau of the Montgomery Police Department, Montgomery, Alabama. You are hereby commanded to make immediate search of the premises of:

**2429 East 4th Street, Montgomery, Alabama.**

For the following property: controlled substances, controlled substance paraphernalia, drug related documents, monies, drug records, and any items listed in Attachment I. If you find the same or any part thereof, to bring it forthwith before me, at my office at Municipal Court, Montgomery County, Alabama; or if the said warrant is issued for violations of a state law, return the same to any State Court.

Dated this ___25___ day of ___Sept.___ , 2003.

_____
Judge, Municipal Court
City of Montgomery
Montgomery, Alabama



# NARCOTICS & INTELLIGENCE BUREAU
## EVIDENCE/PROPERTY INVENTORY

Exhibit C

K I - 00 - 0075

The following item(s) were seized/received by the Montgomery Police Department subsequent to a:    (circle one)

**SEARCH WARRANT, CONSENT SEARCH, or ADMINISTRATIVE INVENTORY** .    These items were inventoried

by _Blu Bartlett_    _#945-_ , a member of the Narcotics and Intelligence Bureau.

ADDRESS OBTAINED: _2429 East Fourth_                          DATE: _9-25-03_

TIME OF ENTRY: _1800_          TIME OF EXIT: _2015_          PAGE _1_ of _2_

| ITEM# | DESCRIPTION OF ITEM SEIZED OR RECEIVED | LOCATION ITEM FOUND | TIME | OFFICER |
|---|---|---|---|---|
| 1 | Approx 2.9 grms of crack cocaine | Top Shelf Kitchen cabinet | 1830 | MND |
| 2 | Bryco .38/380 Auto serial# 1250515 w mag 6 rounds | Living room Closet | | WCS |
| 3 | 3- One kilo packages containing powder Cocaine | Laundry room Dryer | 1805 | MND |
| 4 | 2-zip lock bags w - grease contains Appox 1 kilo powder Cocaine | Back Den under Couch | 1815 | MND |
| 5 | Ziplock bag containing grease | Laundry Room washing machine | 1805 | MND |
| 6 | Slimline digital scale | Laundry Room wash machine | 1805 | MND |
| 7 | Tanita digital Scale | Kitchen Cabinet over Stove | 1920 | MND |
| 8 | Stainless Steel Bowl | under Sink in Kitchen | 1920 | MND |
| 9 | Assorted Paper documents | Living room cabinet | 1830 | BWB |
| 10 | 82-$1, 572-$5, 718-$10 2320-$20, 61-$50, 112-$100 Total $70,772 U.S. Currency | Back right Bedroom left Bed Post | 1805 | BWB |
| 11 | 1 wallet containing 6-$50's w/ ID card | Back Den flower Pot | 1825 | CW386 |

By signing below I certify that I have received a copy of the inventory of item(s) as identified above.

SIGNATURE OF RECEIVER: _Not Present_          DATE & TIME: _____

certify that the above inventory accurately reflects the items received or removed from the listed location.

SIGNATURE OF EVIDENCE OFFICER: _BWBalt #895_          DATE & TIME: _9-25-03_

000067  2015 hours

Exhibit D

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

ALPHONSO NORMAN,           *

      Movant,             *

                               *

V.                          *     CASE NO. 2:07-CV-893-MEF

                               *

UNITED STATES OF AMERICA,*

                               *

      Respondent.         *

## AFFIDAVIT OF BRUCE MADDOX

STATE OF ALABAMA       )
                             :

MONTGOMERY COUNTY    )

       BEFORE ME, the undersigned notary public in and for the State of Alabama at Large,

personally appeared Bruce Maddox, whom after first being duly sworn by me, did depose and state

as follows:

       1. At the time of my representation of Mr. Norman, I was co-counsel with Thomas M.

Goggans, Esquire. During our representation of Norman, a Motion to Suppress was drafted by Mr.

Goggans and filed, relating to the search and seizure leading to the charges in the case. After the

hearing of that Motion to Suppress, other issues regarding the search warrant arose, including

discrepancies in various copies of the search warrants. We were in the process of raising new issues

and continuing our investigation of the search warrant when Mr. Norman retained other counsel.

       2. Mr. Norman then made unreasonable demands of Mr. Goggans and me, including trying

to assert control over our professional judgment and obligations. As a result of same, there was a

breakdown in the attorney-client relationship. Among his "instructions" to me was the provision that

I could not file further pleadings without his prior approval, which I took to mean, among other

things, the approval of his new attorney. The communication was in a rude and offensive tone. I

immediately ceased attempts to investigate and to amend pleadings to conform to the results of

investigations. I moved to withdraw and my motion was granted. Mr. Norman later told me that his

new attorney had told him that he could behave toward me in the manner that he did with impunity

because the Court would not permit me to withdraw.

3. At the time of my withdrawal, Mr. Norman was represented by other counsel who had

ample time to assert the claims that he contends were not asserted. At the time of my withdrawal,

Mr. Norman had INTENTIONALLY ended my ability to function effectively as his attorney.

<div style="margin-left: 40%;">
s/Bruce Maddox<br>
Bruce Maddox (MAD013)<br>
6728 Taylor Court<br>
Montgomery, Alabama 36117<br>
Phone: (334) 244-7333<br>
Fax: (334) 260-9600<br>
retrocam@aol.com
</div>

SWORN TO and SUBSCRIBED before me, a notary public in and for State of Alabama
at Large, on the 25th day of October, 2007.

<div style="margin-left: 40%;">
s/Carolyn L. Rayburn<br>
NOTARY PUBLIC<br>
My Commission Expires 02/17/2010
</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2007, I electronically filed the foregoing
with the Clerk of Court using the CM/ECF system which will send notification of such filing to
appropriate parties. A copy of same will be sent, via United States mail, postage prepaid, to the
following:

Alphonso Norman Reg No. 11288-002
Memphis Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 34550
Memphis, TN 38134

<div style="margin-left: 40%;">
s/Bruce Maddox<br>
Of Counsel
</div>

Exhibit E

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

ALPHONSO NORMAN,      )
                         )

      Movant,        )
                         )

vs.                     )     CASE NO: 2:07-cv-893-MEF
                         )

UNITED STATES OF AMERICA   )
                         )

      Respondent.    )

## RESPONSE TO 28 USC 2255 MOTION OF ALPHONSO NORMAN

STATE OF ALABAMA     )
                        :
MONTGOMERY COUNTY   )

## AFFIDAVIT OF DONALD G. MADISON

BEFORE ME, the undersigned notary public in and for the State of Alabama at Large, personally appeared Donald G. Madison, whom after first being duly sworn by me, did depose and state as follows:

"Mr. Norman's ineffective assistance claims appear to consist of three (3) issues; namely; (a) the indictment was premised upon a search warrant issued by a city court magistrate (not a court of record) in violation of *Federal Rule of Criminal Procedure* 41(a); (b) the failure to object to relevant conduct regarding 3.9 grams of cocaine; and (c) use

1

of 1990 conviction for criminal history.

Alphonso Norman's case began when he was arrested on September 26, 2003 (Doc. 2). I filed my Notice of Appearance on March 10, 2004.

### 1.   **RESPONSE TO (a)**.

I filed a Motion for Out of Time Filing of Supplement to Motion to Suppress (Doc 175) on March 24, 2004. The Rule 41 issue was raised therein and in Document 181, Supplement to Motion to Suppress of Mr. Norman.

I also filed an Objection to Magistrate's Recommendation objecting to the denial of this argument(Doc 202). The argument was further preserved by incorporation of same in all subsequent motions I made on Mr. Norman's behalf.

Notwithstanding, the Eleventh Circuit has rejected said argument.

### 2.   **RESPONSE TO (b),RELEVANT CONDUCT OBJECTION IN THE SENTENCING**.

I raised this issue in approximately the first five (5) pages of the Objection to Pre-Sentence Report of Mr. Norman.

### 3.   **RESPONSE TO (c), CRIMINAL HISTORY**

I asserted objections to the criminal history (including the 1990 offense) on page 7 of Mr. Norman's Objections to Pre-Sentence Report.

Based upon the above, I, therefore, did not omit to do any of the matters Mr. Norman complained of in his ineffective assistance claims; but, in fact, raised those issues of which Mr. Norman complained in his 28 USC Section 2255 Motion.

**AFFIANT**:

/S/ Donald G. Madison
**DONALD G. MADISON (MAD008)**
**Attorney at Law**
**418 Scott Street**
**Montgomery, Alabama 36104**
**Telephone (334) 263-4800**
**Facsimile (334) 265-8511**
**E-Mail dgmadison@bellsouth.net**

SWORN TO and SUBSCRIBED before me, a notary public in and for State of Alabama at Large, on the 22nd day of October, 2007.

/S/Brenda T. Jarvis
NOTARY PUBLIC
My Commission Expires 07/15/09

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed with the Court on October 22, 2007, and that a copy of same shall be electronically served upon the United States Attorney for the Middle District of Alabama, and upon Movant Alphonso Norman, Reg. No 112880002, Memphis Federal Correctional Institution, Post Office Box 34550, Memphis, Tennessee 38134, by depositing a copy of the same in the United States mail, postage prepaid, on this 22nd day of October, 2007.

/S/Donald G. Madison
Attorney at Law

3