IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALPHONSO NORMAN,       )
       )
       Petitioner,       )
       )
v.       )       Civil Action No. 2:07cv893-MEF
       )       (WO)
UNITED STATES OF AMERICA,       )
       )
       Respondent.       )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

This matter is before the court on a motion by Alphonso Norman ("Norman") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  On July 14, 2004, a jury found Norman guilty on all counts of a four-count indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count Two); possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (Count Three); and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Four). Sentence was imposed on October 1, 2004, with Norman receiving 121 months on each count, the terms to be served concurrently.  The district court entered a final judgment on

October 5, 2004.

Norman appealed to the Eleventh Circuit Court of Appeals and, on January 11, 2006, that court affirmed his convictions and sentence.[1] *United States v. Norman*, [No. 04-15292] 162 Fed.Appx. 866 (11th Cir. Jan. 11, 2006) (unpublished opinion).  Norman's petition for rehearing *en banc* was denied on March 10, 2006. 179 Fed.Appx. 689 (Table).  Norman then petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 2, 2006.  *Norman v. United States*,  [No. 05-11665] 549 U.S. 870 (Oct. 2, 2006).

On October 1, 2007, Norman filed this § 2255 motion (Doc. No. 1),[2] in which he

_____

[1]On direct appeal, Norman presented the following claims:

1.    The district court erred in denying his motions to suppress the evidence obtained pursuant to a search warrant.

2.    The search warrant was invalid because it was obtained in violation of Fed.R.Crim.P. 41.

3.    The evidence presented at trial was insufficient to support his convictions.

4.    The district court should have severed his trial from that of his codefendant.

5.    The district court erred in "attributing all relevant conduct" to him, particularly with regard to drug quantity determinations.

6.    The district court erred in denying him a minor-role reduction.

7.    The district court committed error pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), by enhancing his sentence based on a firearm discovered in the residence where the drugs were seized.

[2]Although the motion was date-stamped "received" in this court on October 4, 2007, under
(continued...)

asserts the following claims:

1. His conviction and sentence were illegally obtained and imposed based on evidence presented at trial and sentencing obtained in violation of his Fifth and Fourteenth Amendment rights to due process of law.

2. His trial counsel was ineffective for failing to challenge the admissibility of the illegally obtained evidence that was presented at trial and sentencing.

3. The search warrant in his case was issued in violation of state law for the following reasons:

   a. Under Alabama law, municipal court judges may only issue warrants for violations of state law returnable to state court. However, the search warrant in his case, which was issued by a municipal court judge, was never properly returned to state court.

   b. The seized items were not properly retained by the officer who effected the search but were instead turned over to a United States Marshal without an order from the state court.

   c. The warrant was not endorsed with the hour of its execution.

4. His trial counsel was ineffective for not challenging the search warrant on the ground that it was issued in violation of state law.

5. His Fifth Amendment right to due process and Sixth Amendment right to notice of the charges against him were

---

[2](...continued)
the "mailbox rule," the court deems it filed on the date Norman delivered it to prison authorities for mailing, presumptively, October 1, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

> violated when the district court attributed 3.9 kilograms of cocaine to him in determining his relevant conduct, as the 3.9 kilograms of cocaine were not charged in the indictment.

6. His trial counsel was ineffective for failing to challenge the district court's attribution of 3.9 kilograms of cocaine to him on the ground that this amount was not charged in the indictment.

7. The district court erred in determining his criminal history category based on a prior conviction for possession of a controlled substance that was obtained in violation of his Sixth Amendment right to notice of the charges against him.

8. His trial counsel was ineffective for not objecting to the district court's use of his prior controlled-substance conviction in determining his criminal history category.

(Doc. No. 1 at pp. 5-6; Doc. No. 24 at pp. 11-14.)[3]

The government has filed a response in which it contends that Norman's claims either are meritless or are procedurally barred because they were raised and addressed on appeal or could have been, but were not, raised on appeal.[4]  (Doc. No. 10.)  In his original § 2255 motion, Norman appeared to set forth some of his claims as substantive grounds for relief

_____

[3]The claims enumerated above were asserted either in Norman's original § 2255 motion (Doc. No. 1) or in his reply to the government's response to his § 2255 motion (Doc. No. 24), which clarified the nature of some of his allegations.

[4]Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding.  *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).  A petitioner can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055.  Further, "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).  If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255.  *Id.* at 1343.

4

only.  The government, in its response, points to these as claims that were subject to procedural bar.  However, in his reply to the government's response, Norman contends that *all* of his claims are brought under the rubric of ineffective assistance of counsel and thus they are not subject to the procedural bars asserted by the government.[5]  (Doc. No. 24 at pp. 11-14.)   In light of Norman's clarification, each of his substantive claims has a corresponding allegation of ineffective assistance of counsel.  Accordingly, this court will consider all of Norman's claims in terms of ineffective assistance of counsel, which necessarily involves a determination of the merits of the underlying substantive claims.

After due consideration of Norman's § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II.   DISCUSSION

### A.    Standard of Review for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *performance* prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that

---

[5]Ineffective assistance of counsel may satisfy the cause exception to a procedural bar, *see Greene*, 880 F.2d at 1305, but only if the claim of ineffective assistance is meritorious.  *Id.*

he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id*. at 687-89.  The *prejudice* prong requires a petitioner to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*.  In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).  In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation."  *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).  Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

6

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other showing has been made. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong.").

**B.      Ineffective Assistance of Counsel Claims**

1. ***Counsel's Failure to Challenge Evidence Obtained in Violation of Fifth and Fourteenth Amendment Due Process Rights***

Norman claims that "his conviction was illegally obtained and sentence illegally imposed based on evidence that was used at his trial and for sentencing that was obtained by the district court in violation of his 5th and 14th amendment right to due process of law." (Doc. No. 1 at p. 5.)  He then converts this otherwise procedurally defaulted claim into an allegation of ineffective of assistance of counsel, asserting that his "pretrial counsel was ineffective by not raising the issues in a pretrial motion or objections to the admissibility of the evidence at trial or sentence, which violated his 6th amendment right."  (*Id.*)  As a separate claim of ineffective assistance of counsel, this claim does not entitle Norman to any relief, because it is completely unsupported by specific facts or argument.[6]  However, it is possible that Norman intends his allegation here to be a part of his (following) claim regarding his counsel's failure to challenge the search warrant in his case on the ground that it was issued in violation of state law.  Accordingly, to the extent Norman's allegation may be understood as part of his claim that his counsel was ineffective for failing to challenge the search warrant on this ground, the claim will be addressed below in this Recommendation.

2. ***Counsel's Failure to Challenge Search Warrant on Ground it Was Issued in Violation of State Law***

Norman contends that his trial counsel rendered ineffective assistance by failing to

---

[6]For the same reason, the substantive claim underlying the ineffective assistance claim does not entitle Norman to any relief:  there are no specific facts or arguments asserted in support of such a claim.

challenge the search warrant in his case on the following grounds:

1.   Under § 12-14-32, Ala. Code 1975,[7] municipal court judges may only issue warrants for violations of state law returnable to state court; however, the search warrant, which was issued by a municipal court judge, was never properly returned to state court.

2.   The seized items were not properly retained by the officer who effected the search but were instead turned over to a United States Marshal without an order from the state court, in violation of §§ 15-5-2 and 15-5-14, Ala. Code 1975.[8]

-----

[7]Section 12-14-32, Ala. Code 1975, provides that "[m]unicipal judges are authorized to issue arrest and search warrants for municipal ordinance violation returnable to the municipal court and for violations of state law returnable to any state court."

[8]Section 15-5-14, Ala. Code 1975, states as follows:

Disposition of taken property by court if property stolen or embezzled.

When the property is taken under a search warrant, it shall be delivered to the court issuing the warrant.  If the property was stolen or embezzled, the court shall cause it to be delivered to the owner, on satisfactory proof of his title and the payment by him of all fees.  If the warrant was issued on the grounds specified in subdivisions (2) and (3) of Section 15-5-2, the officer effecting the warrant must retain the property in his possession, subject to the order of the court to which he is required to return the proceedings or of the court in which the offense is triable in respect to which the property was taken.

Section 15-5-2, Ala. Code 1975, provides as follows:

Grounds for issuance.

A search warrant may be issued on any one of the following grounds:

(1) Where the property was stolen or embezzled;

(2) Where it was used as the means of committing a felony; or

(3) Where it is in the possession of any person with the intent to use it as a

(continued...)

9

3.      The warrant was not endorsed with the hour of its execution, in
        violation of Ala.R.Crim.P. 3.10.[9]

(Doc. No. 1 at p. 5; Doc. No. 24 at pp. 3-7 and 13-16.)

In the trial court and on direct appeal, Norman challenged the validity of the search

of the residence where the drugs were found on Fourth Amendment grounds and on the

ground that the search warrant was obtained in violation of Fed.R.Crim.P. 41.[10]  Both the

trial court and the Eleventh Circuit upheld the validity of the search and rejected Norman's

claims as nonmeritorious.  *See United States v. Norman*, [No. 04-15292] 162 Fed.Appx. 866,

873-74 (11th Cir. Jan. 11, 2006).

The search warrant in Norman's case was issued by a Montgomery, Alabama,

municipal court judge and was obtained and executed by members of the Montgomery

Police Department.  Evidence presented at a pretrial suppression hearing indicated that the

warrant was returned to federal court and that the seized drug evidence was turned over to

the Drug Enforcement Administration ("DEA").  (*See* Doc. No. 10 - Gov. Exh. E at pp.112-

13.)  Norman argues that because the officers who executed the warrant failed to comply

---

[8](...continued)
means of committing a public offense or in the possession of another to whom he
may have delivered it for the purpose of concealing it or preventing its discovery.

[9]Rule 3.10 of the Alabama Rules of Criminal Procedure provides, in pertinent part, that the
judge issuing a search warrant "shall endorse the warrant, showing the hour, date, and the name of
the law enforcement officer to whom the warrant was delivered for execution."

[10]Under Fed.R.Crim.P. 41, any warrant obtained by a federal agent must be issued by  a
federal magistrate judge or by a state court of record.  *See* Fed.R.Crim.P. 41(b),(d), and (e).  The
warrant in Norman's case was not obtained by federal agents, but rather by members of the
Montgomery, Alabama, Police Department.

with Alabama law by returning the warrant to a federal court rather than to the correct judicial official, i.e., "any state court," and also violated Alabama law by turning over the seized evidence to a federal agency (i.e., the DEA) without an order from a state court, the search that was conducted under the warrant was invalid and the admission of evidence obtained as a result of the search violated his due process rights. He then argues that his trial counsel's failure to raise such a claim constituted ineffective assistance of counsel. (Doc. No. 24 at pp. 11-14.)

Norman's arguments concerning defects in the return and disposition of the evidence following its seizure do not impugn the validity of the warrant or the search conducted pursuant to the warrant. The Alabama statutory requirements to which Norman points are not constitutionally mandated, and defects in their performance cannot make an otherwise reasonable search unreasonable. *See Donovan v. State*, 359 So. 2d 1181, 1182-84 (Ala. Crim. App. 1978) (because the making of a return is merely a ministerial act to be performed after a warrant is executed, failure to properly return search warrant under provisions of relevant Alabama statutes does not invalidate a search and seizure under the warrant or render inadmissible the evidence seized under the warrant).[11] Courts are virtually unanimous in holding that requirements relating to the return of a search warrant and the inventory and

---

[11]*See also, e.g., Cady v. Dombrowski*, 413 U.S. 433, 449 (1973) (alleged defect in listing of items in return of search warrant where items were validly seized under warrant was not "constitutionally significant"); *United States v. Cafero*, 473 F.2d 489, 499 (3rd Cir. 1973) (an otherwise constitutional search may not be invalidated *ab initio* because of the operation of some condition subsequent, to-wit, a failure to give notice of the items seized).

disposition of seized items are ministerial acts and that defects in the return and inventory are not constitutional in magnitude and will not lead to suppression where no prejudice is shown.[12]  Norman fails to show any prejudice resulting from the defects in the return and disposition of the evidence following its seizure.  Thus, the alleged defects could not form a basis for suppression of the seized evidence, and the admission of this evidence at trial did not violate Norman's due process rights.  Likewise, Norman cannot show that he was prejudiced by his trial counsel's failure to contest the validity of the search on grounds that the defects in the return and disposition of the seized evidence failed to comport with the relevant Alabama statutes.  Such a challenge, if asserted by counsel, would not have entitled Norman to suppression of the evidence.  Consequently, Norman is not entitled to any relief based on this claim of ineffective assistance of counsel.

As for Norman's contention that the search warrant did not include a notation of the time at which it was signed, in violation Rule 3.10 of the Alabama Rules of Criminal Procedure,  Norman again fails to demonstrate any prejudice resulting from this alleged dereliction of a ministerial act which was without constitutional dimensions.   "The

---

[12]*See, e.g., United States v. Lambert*, 887 F.2d 1568, 1571-72 (11th Cir. 1989); United States v. Dauphinee, 538 F.2d 1, 2 (1st Cir. 1976); *United States v. Burke*, 517 F.2d 377 (2nd Cir. 1975); *United States v. Hall*, 505 F.2d 961 (3rd Cir. 1974); *United States v. Hurwitz*, 459 F.3d 463, 472 (4th Cir. 2006); *United States v. Simons*, 206 F.3d 392, 403 (4th Cir. 2000); *United States v. Thompson*, 263 Fed.Appx. 374, 379 (4th Cir. 2008) (unpublished); *United States v. Marx*, 635 F.2d 436, 441 (5th Cir. 1981); *United States v. Wilson*, 451 F.2d 209 (5th Cir. 1971); *United States v. Harper*, 450 F.2d 1032 (5th Cir. 1971); *United States v. Dudek*, 530 F.2d 684 (6th Cir. 1976); *United States v. Moore*, 452 F.2d 569 (6th Cir. 1971); *United States v. McKenzie*, 446 F.2d 949 (6th Cir. 1971); *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965); *United States v. Harrington*, 504 F.2d 130 (7th Cir. 1974); *United States v. Burgard*, 551 F.2d 190, 193 (8th Cir. 1977); *United States v. Kennedy*, 457 F.2d 63 (10th Cir. 1972).

requirement in Rule 3.10 that the search warrant be endorsed with the hour of its issuance is ministerial or directory in nature. An omission with respect to this particular provision will not, absent a showing of prejudice, necessitate the exclusion or suppression of evidence seized pursuant to execution of the search warrant." *Money v. State*, 717 So. 2d 38, 44 (Ala. Crim App. 1998). Because Norman fails to show any prejudice resulting from this defect, the defect could not form a basis for suppression of the evidence seized under the search warrant. Consequently, Norman cannot show that his trial counsel's failure to assert this defect resulted in prejudice to his defense. Therefore, Norman is not entitled to any relief based on this claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687-89.

### 3. *Counsel's Failure to Challenge Attribution of 3.9 Kilograms of Cocaine in Determining Relevant Conduct*

Norman contends that his Fifth Amendment right to due process and Sixth Amendment right to notice of the charges against him were violated when the district court attributed 3.9 kilograms of cocaine to him in determining his relevant conduct, because the amount was not charged in the indictment. (Doc. No. 1 at p. 6.) He then claims that his trial counsel was ineffective for failing to object to his sentence on this ground. (Doc. No. 24 at pp. 11-13.)

These contentions are without merit for several reasons. First, the indictment in Norman's case did allege drug amounts sufficient to constitute the drug quantity attributed to Norman at sentencing. Count One charged him with conspiracy to distribute and possess with intent to distribute *500 grams or more* of cocaine hydrochloride, and Count Three

13

charged him with possession with intent to distribute *500 grams or more* of cocaine hydrochloride.  Second, Norman is incorrect in asserting that his trial counsel failed to challenge the drug quantity determinations that the district court used in determining his relevant conduct.  Trial counsel did raise this issue, and it was pursued on appeal by Norman's appellate counsel.  The Eleventh Circuit, however, found no merit to the claim, stating as follows:

> [T]he drug quantity determinations were made by the *jury,* not by the district court, such that *Blakely* [*v. Washington*, 542 U.S. 296 (2004),] and [*United States v.*] *Booker*[, 543 U.S. 220 (2005),] are not implicated by Norman's argument,[13] and the drug quantity determinations themselves were amply supported by the testimony of Clyde Norwood ("Norwood"), a forensic chemist.
>
> Indeed, Norwood testified at trial to his analysis of each of the substances seized by the police from the 4th Street residence where Norman was arrested.  Specifically, Norwood testified that: (1) the paper towel contained crack cocaine residue; (2) the three bricks taken from the dryer contained 2,950 grams, or just under three kilograms, of cocaine; (3) the package taken from under the couch contained approximately 981 grams of cocaine; and (4) the package taken from the kitchen contained approximately 2.1 grams of crack.  All of these specific drug quantity calculations were included in the jury's verdict.  Because the district court's drug quantity determination was based on the amount of drugs attributed to Norman by the jury, and because the evidence supports the jury's drug quantity determination, the district court did not clearly err in sentencing Norman based on those drug

---

[13]The jury convicted Norman and his codefendant on all four counts of the indictment.  The district court had the jury complete a special verdict form.  For each count of conviction, the jury was instructed to answer a multiple-choice question regarding the quantity of relevant drugs that each defendant possessed or conspired to possess.  The jury expressly found that both Norman and his codefendant conspired to possess with intent to distribute between 3.5 and 5 kilograms of cocaine (Count One); conspired to possess with intent to distribute between 2 and 3 grams of crack (Count Two); possessed with intent to distribute between 3.5 and 5 kilograms of cocaine (Count Three); and possessed with intent to distribute between 2 and 3 grams of crack (Count Four).

quantity determinations.

*United States v. Norman*, [No. 04-15292] 162 Fed.Appx. 866, 877 (11th Cir. Jan. 11, 2006) (emphasis in original).  Because the Eleventh Circuit held that the district court committed no error in sentencing Norman based on the jury's drug quantity determinations, and because Norman's counsel did in fact challenge the drug quantity that was attributed to Norman in determining his relevant conduct, Norman fails to show either deficient performance by his counsel or any prejudice resulting from counsel's performance in this regard.  Therefore, he is not entitled to any relief based on this claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687-89.

### 4.   *Counsel's Failure to Object to District Court's Use of Prior Controlled-substance Conviction in Determining Criminal History Category*

Norman contends that his trial counsel rendered ineffective assistance by failing to object to the district court's use of a 1990 conviction for possession of a controlled substance in determining his criminal history category.  (Doc. No. 1 at p. 6; Doc. No. 24 at pp. 11-13.) According to Norman, the 1990 controlled-substance conviction was obtained in violation of his Sixth Amendment right to notice of the charges against him.  (*Id*.)

Again, Norman's contentions are without merit.  First, the record reflects that Norman's trial counsel did object to the use of the 1990 controlled-substance conviction on the ground that there were no records underlying the adjudication.  (*See* Doc. No. 10 - Gov. Exh. U at p.7.)  Moreover, Norman presents this court with absolutely no evidence from

15

which the court can determine that he had improper notice of the charge against him in the proceedings relating to his 1990 controlled-substance conviction. The presentence investigation report ("PSI") reflects that Norman was represented by counsel during the 1990 proceedings and that he received a five-year sentence, split, with two years to be served in incarceration. (*See* PSI at pp. 9-10, ¶ 38.) Norman's bald assertion that the prior conviction was invalid is insufficient to show that the district court should not have used the conviction in determining his criminal history category. Consequently, Norman fails to establish that his trial counsel was deficient for failing to argue that the prior conviction was obtained in violation of his right to notice of the charges against him, or that he was prejudiced by his counsel's performance in this regard. *Strickland*, 466 U.S. at 687-89. Norman is not entitled to any relief based on this claim.[14]

---

[14]In his reply to the government's response to his § 2255 motion, Norman also makes the cursory assertion that the district court erred in determining his criminal history category of III (based on two prior convictions) when "the Government never filed a 851 notice." (Doc. No. 24 at p. 10.) Assuming that Norman is talking about 21 U.S.C. § 851 here, the notice requirements of § 851 do not apply to convictions used to determine a defendant's criminal history category and sentencing range under the Sentencing Guidelines where the defendant's sentence remains within the applicable statutory range. *See Young v. United States*, 936 F.2d 533, 536 (11th Cir. 1991) (government does not have to follow the notice requirements of § 851 in order to use defendant's prior convictions to enhance his sentence under the Guidelines, so long as the enhanced sentence falls within the permissible statutory range); *United States v. Wallace*, 895 F.2d 487, 490 (8th Cir. 1990) (government only need follow the notice requirements of § 851 when it intends to enhance a defendant's statutory minimum or maximum penalty). Norman's prior convictions were used to determine his criminal history category and sentencing range within the Sentencing Guidelines; they were not used to increase his sentence beyond the applicable statutory range. The notice requirements of § 851 were not applicable to this determination. Thus, Norman's claim in this regard lacks merit. Nor could Norman's counsel be ineffective for failing to raise this meritless issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to argue meritless claim); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Norman be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 3, 2009. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 21st day of October, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

17